**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60670
Summary Calendar

CARLYLE S. HARRIS,

Petitioner,

VERSUS

DAVID R. HINSON, Administrator, FEDERAL AVIATION ADMINISTRATION,
NATIONAL TRANSPORTATION SAFETY BOARD,

Respondents.

On Petition for Review of an Order
of the National Transportation Safety Board
(NTSB EA-4475)

March 19, 1997

Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Carlyle Harris petitions for review of the order of the National Transportation Safety Board (NTSB) upholding the Federal Aviation Adminstration's (FAA) determination that Harris had deviated from an air traffic control clearance and operated an

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

aircraft in a careless or reckless manner. Harris claims that the action taken by the FAA was excessive under the circumstances; that the FAA failed to honor the settlement of the charged violations; that material issues of fact should have precluded granting summary judgment; and that the administrative law judge (ALJ) and the NTSB failed to rule on Harris' motion to dismiss. We affirm the NTSB's order.

**FACTS**

On April 26, 1995, Harris filed an Instrument Flight Rules (IFR) plan for a flight from Tupelo Municipal Airport, Tupelo, Mississippi, to Fulton County-Brown Field Airport in Atlanta, Georgia. Air traffic control gave Harris IFR clearance and instructed him to level at 6,000'. When Harris began to climb to 7,000', he was notified by the air traffic controller because this ascent caused the aircraft to lose the standard five miles of separation from another aircraft operating on an IFR plan.

On August 28, 1995, the administrator of the FAA ordered Harris' commercial pilot certificate suspended. The administrator alleged that Harris, while operating an aircraft on a passenger-carrying flight under IFR, ascended 700 feet above the altitude to which air traffic control cleared him. Further, the administrator alleged that this deviation resulted in a loss of the required separation between his aircraft and another, which was operating 300 feet above Harris' aircraft.

The administrator found that Harris deviated from an air traffic control clearance without obtaining an amended clearance,

2

in violation of § 91.123(a) of the Federal Aviation Regulations (FAR), 14 C.F.R. § 91.123(a)(1995); and that Harris had operated the aircraft in a careless or reckless manner so as to endanger the life or property of another, in violation of § 91.13(a) of the FAR. The FAA declined to enforce the suspension, however, pursuant to the FAA's Aviation Safety Reporting Program.

Harris appealed the order of the FAA to the NTSB. Harris did not dispute that he was only cleared to ascend to 6,000', and that he ascended beyond 6,500'. Harris, however, claimed that he mistakenly believed he was cleared to 7,000'. The ALJ granted NTSB's motion for summary judgment on the basis that Harris had violated the FAR. The ALJ also concluded that the FAA's waiver of the penalty of suspension left no factual issues for determination by a trial. Following the ALJ's denial of Harris' motion to reconsider, Harris filed a notice of appeal with the full NTSB. On August 16, 1996, the NTSB denied Harris' appeal and upheld the FAA's order. Petitioner timely appealed.

## DISCUSSION

We review a decision of the NTSB for arbitrariness, capriciousness, an abuse of discretion, or otherwise not in accordance with law. *Janka v. Department of Transp.*, 925 F.2d 1147, 1149 (9th Cir. 1991). Harris concedes that the scope of review is narrow, and that our sole task is to determine whether the agency could fairly and reasonably find the facts as it did. *Chritton v. National Safety Transp. Bd.*, 888 F.2d 854, 856 (D.C. 1989).

Harris claims that the FAA's actions were not justified. Specifically, Harris argues that "if this same mistake were made by another pilot and there were no other inappropriate reasons for the FAA to seek maximum sanctions, that pilot would have received a warning, counseling, or remedial training, and there would be no enforcement action on his permanent record." Harris' December 22, 1995, Motion to Dismiss.

Harris also claims that the deviation itself does not carry a presumption of carelessness and endangerment of others. The NTSB argues that it may exercise its own judgment in concluding that operating an aircraft in violation of the FAR is careless and endangering to others even if the danger is only potential, not actual. Harris attempts to distinguish his situation by noting the professional corrective actions he took, but the NTSB responds that the initial deviation from the altitude clearances is the focus for determining a violation.

The NTSB cites authority analogous to Harris' actions for the proposition that a deviation constitutes careless and potential endangerment and that conduct incidental to the violation is immaterial. *Administrator v.* Kearney, 6 N.T.S.B. 348, 349 (1988); *Administrator v. Jobe*, 5 N.T.S.B. 1446 (1986); *Administrator v. Haines*, 1 N.T.S.B. 769 (1970), *aff'd*, 449 F.2d 1073 (D.C.Cir. 1971). Harris concedes that he committed an operational violation of § 91.123(a). This violation reduced the distance between his aircraft and another to 2.75, instead of the  standard five miles of separation. The NTSB did not clearly err in finding that this

4

action was careless and endangering.  The NTSB's determination that the potential hazard in this situation justified a finding that § 91.13(a) is neither arbitrary nor capricious.

We decline to discuss Harris' arguments regarding rejection of a settlement offer and a failure to rule on his first motion to dismiss, as we find these claims lack merit.

## CONCLUSION

The NTSB's conclusion that Harris violated an altitude clearance, and that this deviation constituted careless and endangering operation of an aircraft, was neither arbitrary not capricious.  Accordingly, the NTSB's order affirming the ALJ's decision is AFFIRMED.